23-730-cv
*Pal v. Canepari*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> *Circuit Judges,*
> VERNON D. OLIVER
> *District Judge.*[*]

---

Neelu Pal,[†]

     *Plaintiff-Appellee,*

     v.                                                                 23-730

Mark Canepari, in his official and personal/individual capacities, Arnault Baker, in his official and personal/individual capacities, Brandon Harris, in his official and personal/individual capacities, Town of Wilton,

     *Defendants-Appellants,*

---

[*] Judge Vernon Dion Oliver, of the United States District Court for the District of Connecticut, sitting by designation.

[†] The clerk's office is directed to amend the caption as reflected above.

**John Lynch, in his official and personal/individual capacities, Anna Tornello, in her official and personal/individual capacities, Joseph Bryson, Drew Kennedy, Harry Downs, Wilton Volunteer Ambulance, John Does, A-Z, Jane Does, A-Z, Doe Corporations, 1-50,**

*Defendants*,

**Norwalk Hospital,**

*Consol-Defendant.*

FOR PLAINTIFF-APPELLEE:                    NEELU PAL, *pro se*, Westport, CT.

FOR DEFENDANTS-APPELLANTS:          ANDREW J. GLASS, James N. Tallberg, Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Shea, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellants Mark Canepari, Arnault Baker, Brandon Harris, police officers with Wilton Police Department, and the Town of Wilton appeal the district court's order denying in part their motion for summary judgment with respect to Appellee Neelu Pal's

2

42 U.S.C. § 1983 claims against them for excessive force.[1] *Pal v. Canepari*, 2023 WL 2712371 (March 30, 2023). Pal claims that the officers used excessive force by placing her in handcuffs that were too tight and then by ignoring her complaints of pain and refusing to loosen the handcuffs. The district court rejected the Appellants' qualified-immunity defense in denying summary judgment as to that claim. The Appellants filed a notice of interlocutory appeal from the order denying qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On an interlocutory appeal from a denial of qualified immunity, our jurisdiction is limited to whether the defendant has established the immunity defense as a matter of law "based on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Soukaneh v. Andrzejewski*, 112 F.4th 107, 115 (2d Cir. 2024).[2]

The Fourth Amendment governs the reasonableness of how a search or seizure is conducted. *Graham v. Connor*, 490 U.S. 386, 395 (1989). We have expressly held that "excessively tight handcuffing that causes injury can constitute excessive force" under the Fourth Amendment. *Shamir v. City of N.Y.*, 804 F.3d 553, 557 (2d Cir. 2015). Qualified

---

[1] In May 2023, Pal filed a notice of cross appeal, which a panel of this Court dismissed as an appeal from a nonfinal order. Therefore, Pal's cross appeal is not before this panel.

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

immunity can shield defendants from constitutional claims where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78–79 (2017). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The purpose of the doctrine is to make sure that officials being sued had "fair warning" that their actions were unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739–40 (2002).

The Appellants primarily contend here that the district court erred because the law it relied on in denying them qualified immunity was not clearly established at the time of the alleged excessive force in 2018. Specifically, they contend that in denying their motion for summary judgment on their qualified immunity defense, the district court improperly relied on our 2019 decision in *Cugini v. City of New York*, 941 F.3d 604 (2d Cir. 2019).

We disagree. While the district court did cite to *Cugini*, a case published after the incident at issue in this appeal, *Cugini* itself recognized that before 2018 it was clearly established that tight handcuffing can constitute excessive force where, as here, the plaintiff made an explicit verbal complaint. *Id.* at 615.

In *Cugini*, the plaintiff who alleged she had suffered wrist injuries due to excessively tight handcuffs had reacted as if she was in pain but had not verbally complained to the officers that her handcuffs were too tight. We explained that the

4

plaintiff could show that the officer reasonably should have known that the use of force was excessive "if either the unreasonableness of the force used was apparent under the circumstances, or the plaintiff signaled her distress, verbally or otherwise, such that a reasonable officer would have been aware of her pain, or both." *Id.* at 613. We concluded that the plaintiff had made the necessary showing and turned to the question of qualified immunity. *Id.* at 615.

With respect to whether these principles were clearly established at the time of the 2014 incident, we said: "At the time of the plaintiff's arrest, the use of excessive force in handcuffing was prohibited by clearly established constitutional law." *Id.* That conclusion regarding clearly established law was based upon Second Circuit precedent and, independently, the "consensus . . . among our sister circuits that unduly tight handcuffing can constitute excessive force in violation of the Fourth Amendment." *Id.* at 615–16. Although we went on to conclude that it was not clearly established *in 2014* whether this general rule applies where the handcuffed individual "exhibited only non-verbal aural and physical manifestations of her discomfort," *id.* at 616, we expressly distinguished that scenario from the then-established caselaw that recognized an excessive force claim based on overly tight handcuffs in circumstances in which the individual made "an explicit verbal complaint." *Id.* There is no question in this case that Pal made repeated explicit verbal complaints. *See also Shamir*, 804 F.3d at 557 (recognizing potential excessive force claim where officer intentionally and excessively tightened zip

5

ties around plaintiff's wrists and denied plaintiff's request to loosen the cuffs after the plaintiff complained that the handcuffs were "really . . . tight"); *Calamia v. City of New York*, 879 F.2d 1025, 1029, 1035–36 (2d Cir. 1989) (affirming denial of judgment notwithstanding the verdict on qualified immunity where plaintiff complained repeatedly that handcuffs were "cutting into his wrists").

Accordingly, the law was clearly established at the time of the events at issue in this case that failing to loosen excessively tight handcuffs when an individual complains of pain can give rise to a Fourth Amendment excessive force claim. And for purposes of this appeal, in which we are required to accept the plaintiff's version of the facts as true, we accept Pal's assertions that the handcuffs were too tight and do not credit Officer Harris's claim that he double-locked the handcuffs such that they could not tighten. The district court therefore properly denied Appellants summary judgment on their qualified immunity defense.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6